```
              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

FILED
98 JUL 23 PM 3:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

MICHAEL McGOUGH,                }
                                }
    Plaintiff,                  }
                                }   CIVIL ACTION NO.
    vs.                         }
                                }   CV-98-AR-1512-S
AMSOUTH INVESTMENT SERVICES,    }
INC.,                           }
                                }
    Defendant.                  }

ENTERED
JUL 23 1998

## MEMORANDUM OPINION

The above-entitled action is before the court on a motion to compel arbitration and for stay pending arbitration filed by defendant, AmSouth Investment Services, Inc. ("AIS"), on June 11, 1998. The court entertained said motion at its July 17, 1998, motion docket. For the reasons that follow, the court concludes that AIS's motion is well taken.

### Factual and Procedural Background

Plaintiff, Michael McGough ("McGough"), began working for AIS as an "Investment Officer" on or about February 27, 1996. *Compl.* at ¶ 8. In connection with his employment, McGough was required to execute a Form U-4/Uniform Application for Securities Industry Registration or Transfer ("Form U-4"). The Form U-4 that McGough executed contained a mandatory arbitration clause which provides in pertinent part as follows:

> I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm . . . and that any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction.

*Exh. A to Def.'s Mot. to Compel to Arbitration and For Stay Pending Arbitration.* McGough alleges that he was involuntarily terminated from his employment with AIS on or about April 15, 1997. *Compl.* at ¶ 9.

On or about May 7, 1998, McGough filed the instant action in the Circuit Court for Jefferson County, Alabama. In his complaint, McGough alleges, *inter alia*, violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* ("ADEA"), the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), and the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"). AIS removed the action to this court on June 11, 1998, correctly asserting federal question jurisdiction. McGough filed a petition for remand on June 26, 1998. The court denied said petition on June 30, 1998.

### Discussion

With its pending motion, AIS asks this court to order McGough to submit his claims against AIS, including his claims brought under the ADEA, ADA, and FMLA, to arbitration pursuant to the Form U-4 arbitration provision. It is well settled that,

2

where an employee has agreed to arbitrate disputes arising with his employer, any claims brought by the employee against the employer under the ADEA may be subject to mandatory arbitration. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 23, 111 S.Ct. 1647, 1650 (1991). Moreover, in this circuit, it is equally well settled that, where an employee has agreed to arbitrate disputes arising with his employer, any claims brought by the employee against the employer under the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), may be subject to mandatory arbitration. *Bender v. A.G. Edwards & Sons, Inc.* 971 F.2d 698, 700 (11th Cir. 1992).[1] Given that Title VII, the ADEA, ADA, and FMLA are each parts of a common scheme designed to end discrimination in the workplace, this court sees no reason why the same considerations which informed the conclusions reached in *Gilmer* and *Bender* should not apply with equal force with respect to the ADA and FMLA and, therefore, permit arbitration of disputes arising under those statutes in circumstances like the instant case. *Hypes v. First Commerce Corp.*, 134 F.3d 721, 725-26 (5th Cir. 1998) (describing FMLA as part of broader anti-discrimination regime that includes ADEA);

---

[1] In both *Gilmer* and *Bender*, the employee-plaintiffs had executed arbitration agreements that were identical to, or nearly identical to, the one at issue here. *Gilmer*, 500 U.S. at 23, 111 S.Ct. 1650; *Bender*, 971 F.2d at 700 n.1.

3

*Antol v. Perry*, 82 F.3d 1291, 1299 (3d Cir. 1997) (observing that ADA and Title VII serve same purpose). Consequently, the court concludes that, as per *Gilmer* and *Bender*, AIS's motion to compel arbitration and for stay pending arbitration is due to be granted.

This conclusion remains unchanged despite McGough's contention that Congress intended to preclude the compulsory arbitration of employment discrimination claims with its passage of the Civil Rights Act of 1991. As support for this contention, McGough principally relies upon *Duffield v. Robertson Stephens Co.*, 1998 WL 227469 (9th Cir.), in which the Ninth Circuit holds that, pursuant to § 118 of the Civil Rights Act of 1991 ("§ 118"), employers may not compel employees to waive their Title VII right to a judicial forum.[2] *Id.* at *1, *21. In reaching its conclusion, the Ninth Circuit undertakes a thorough, although debatable, analysis of the legislative history surrounding the enactment of § 118. *See id.* at *9-17. For the reasons articulated in *Seus v. John Nuveen & Co., Inc.*, 1998 WL 294020 (3d. Cir.), this court respectfully disagrees with the Ninth Circuit's rationale in *Duffield* and declines to follow it. Accordingly, the arbitration of McGough's claims must go forward

---

[2] In *Duffield*, the plaintiff had executed a Form U-4 containing an arbitration provision identical to the one at issue here.

if McGough wants relief of the kind his complaint requests.

As a final matter, the court addresses McGough's contention that the arbitration provision is unenforceable because the Form U-4 is a "take it or leave it" offer for those wishing to work in the securities industry. Apparently, McGough considers the Form U-4 to be an invalid adhesion contract. The court finds this contention to be unpersuasive. Nothing about the terms of the Form U-4 strikes the court as being either oppressive or unconscionable. Indeed, even the Ninth Circuit has "rejected the contention the Form U-4 is an unconscionable adhesion contract simply because all securities brokers are required to execute them." *Musser v. Damrow*, 1996 WL 733196 **1 (9th Cir.) (unpublished disposition), *cert. denied*, ___ U.S. ___, 118 S.Ct. 67 (1997); *Seus*, 1998 WL 294020 at *9-10 (3d Cir.).

### *Conclusion*

The court will enter a separate and appropriate order consistent with the conclusions reached hereinabove.

DONE this 23rd day of July, 1998.

/s/ William M. Acker, Jr.
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

5